Filed 3/13/26  In re C.B. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re C.B., a Person Coming Under the Juvenile Court Law. | B347067 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>M.J.<br><br>　　　Defendant and Appellant. | Los Angeles County Super. Ct. No. 23CCJP02504A |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Juan M. Valles, Judge Pro Tempore. Conditionally reversed and remanded with instructions.

　　　John P. McCurley, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

M.J. (mother) appeals the juvenile court's order terminating her parental rights to her daughter, C.B. Mother contends the juvenile court and respondent Los Angeles County Department of Children and Family Services (department) violated the inquiry requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law. The department concedes it did not adequately inquire of the child's maternal uncle. We agree and conditionally reverse and remand.

## DISCUSSION

ICWA and related California law (see *In re Abbigail A.* (2016) 1 Cal.5th 83, 91) reflect a legislative determination to protect Indian children, tribes, and families (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1124–1125 (*Dezi C.*)). Juvenile courts and child welfare agencies "have an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (Welf. & Inst. Code, § 224.2, subd. (a).)[1] Agencies must inquire "[a]t the first contact with the child and each family member, including extended family members" (*id.*, subd. (b)(1)) such as aunts or uncles (§ 224.1, subd. (c)(1)). When an agency performs an inadequate inquiry, we must conditionally reverse the juvenile court's order terminating parental rights and direct "the agency to conduct an adequate inquiry, supported by record documentation." (*Dezi C., supra,* 16 Cal.5th at p. 1125; accord *In re J.F.* (2025) 109 Cal.App.5th 468, 471 [conditional reversal where parent and department agreed ICWA inquiry was inadequate].)

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Mother contends the department did not adequately investigate or document its efforts to interview unspecified relatives about the child's potential Indian ancestry.  But the department need not ask "every possible extended family member … about the child's Indian ancestry." (*Dezi C., supra,* 16 Cal.5th at p. 1140.)  The law does not " 'require the agency to "find" unknown relatives.' " (*Ibid.*)  It only requires the agency to interview " 'those people who are reasonably available to help the agency with its investigation.' "  (*Ibid.*)

The department concedes it did not adequately inquire of one extended family member it contacted.  In September 2024, the department contacted a maternal uncle, Jimmy J., about permanency planning but did not document asking him if the child has Indian ancestry.  The department acknowledges this omission requires conditional reversal.

In her reply brief, mother notes the department argues it adequately inquired of paternal relatives.  But mother does not assert that inquiry was inadequate.  Nor does mother identify any other relatives whom she contends the department must contact.  We therefore conditionally reverse the order terminating mother's parental rights and direct the department to inquire of maternal uncle Jimmy J.

## DISPOSITION

We conditionally reverse the order terminating M.J.'s parental rights.  On remand, the juvenile court shall order the department to make reasonable efforts to interview maternal uncle Jimmy J. about the possibility of the child's Indian ancestry and to report the results to the court.  If, after considering the information reported, the juvenile court rules no further inquiry or notice to tribes is necessary, the court shall reinstate the order

terminating M.J.'s parental rights.  If further inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California statutes.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

COLLINS, Acting P. J.

MORI, J.